UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff,

v.

Ahmad Haidar-Ahmad,

    Defendant.

Criminal No. 21-cr-20659

Hon. Robert H. Cleland

## STIPULATED PRELIMINARY ORDER OF FORFEITURE

The United States of America, by and through its attorneys, Dawn N. Ison, United States Attorney for the Eastern District of Michigan, and Adriana Dydell, Assistant United States Attorney, together with Defendant Ahmad Haidar-Ahmad ("Defendant"), individually and by and through his attorney, Mark Haidar, submit this Stipulated Preliminary Order of Forfeiture to the Court and stipulate and agree to the following:

1. The United States of America (the "United States") obtained a felony Indictment on or around October 26, 2021, which charged Defendant in Count One with Production of Child Pornography in violation of 18 U.S.C. § 2251(a) and (e), Count Two with Distribution of

Child Pornography in violation of 18 U.S.C. § 2252A(a)(2) and Count Three with Possession of Child Pornography in violation of 18 U.S.C. § 2252A(a)(5). (ECF No. 10). The Indictment contains forfeiture allegations providing that, upon conviction of any offense charged in the Indictment, Defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 2253(a), the following:

a) any visual depiction described in 18 U.S.C. §§ 2251, 2251A, or 2252, 2252A, 2252B, or 2260, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped, or received in violation of this chapter;

b) any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense; and

c) any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property.

(ECF No. 10, PageID.21-22).

2. On or about May 27, 2022, the United States filed its First Forfeiture Bill of Particulars (ECF No. 22), providing notice of the Government's intent to forfeit the following under 18 U.S.C. § 2253:

   a. Cell Phone, Model: SM-G975U, IMEI: 351751103028067; S/N not visible

   b. iPhone Cell Phone, Model: A1778, FCC ID: BCG-E3091A, IC: 579C-E3091A; S/N not visible;

   c. Samsung Galaxy S8 Cell Phone, Model: SM-G950U, IMEI: 357670080242455; S/N not visible; cracked screen;

   d. HP Chromebook 14 Laptop, Model: 14-ca061dx, S/N: 5CD83832P5; with charging cord;

   e. Sony Thumb Drive, D33021; S/N not visible; and

   f. XR Cell Phone, 356447109622731

(the "Subject Property").

3. On or about July 12, 2022, Defendant pleaded guilty to Count One of the Indictment, which charges him with Production of Child Pornography in violation of 18 U.S.C. § 2251(a). (ECF No. 23). In his Rule 11 plea agreement, Defendant agreed to forfeit all property that was used or intended to be used commit or to facilitate the commission of his offense. (Id.)

4. Defendant stipulates that the Subject Property was used or intended to be used to commit or to promote his commission of Count

3

One and consents to forfeiture of the Subject Property as part of his sentence in this case.

5. In his Rule 11, Defendant agreed to the entry of one or more orders of forfeiture. Defendant also expressly waived his right to have a jury determine the forfeitability of his interest under Rule 32.2 of the Federal Rules of Criminal Procedure.

6. Defendant waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant acknowledges his understanding that forfeiture may be part of the sentence imposed on him in this case, and waives his right to challenge any failure by the court to advise him of this, pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J) at his change of plea hearing.

Based on the Indictment, Defendant's conviction, the Rule 11 Plea Agreement, this Stipulation, and other information in the record, and under 18 U.S.C. § 2253(a), the Subject Property **IS FORFEITED** to the United States for disposition according to law, and any right, title, or interest of Defendant, and any right, title, or interest that his heirs,

successors or assigns have, or may have, in any of the Subject Property is **FOREVER EXTINGUISHED**.

**THIS COURT FURTHER ORDERS** that, pursuant to Federal Rule of Criminal Procedure 32.2(b)(4)(A), this Stipulated Preliminary Order of Forfeiture shall become final as to Defendant at entry and forfeiture of the Subject Property shall be made part of the Defendant's sentence in this case and included in the Judgment.

**THIS COURT FURTHER ORDERS** that upon entry of this Stipulated Preliminary Order of Forfeiture, and pursuant to 21 U.S.C. § 853(n), Rule 32.2 of the Federal Rules of Criminal Procedure, and other applicable rules, the United States shall publish notice of this Stipulated Preliminary Order of Forfeiture and of its intent to dispose of the Subject Property on [www.forfeiture.gov](www.forfeiture.gov) for at least thirty (30) consecutive days. The United States may also, to the extent practicable, provide direct written notice to any person or entity known to have an alleged interest in any of the Subject Property. The aforementioned notice shall direct that any person, other than Defendant, asserting a legal interest in any of the Subject Property must file a petition with the Court within thirty (30) days of the final date of publication of

notice or within thirty (30) days of receipt of actual notice, whichever is earlier. The petition shall be for a hearing before the Court alone, without a jury and in accordance with 21 U.S.C. § 853(n), to adjudicate the validity of the petitioner's alleged interest in any identified Subject Property. Any petition filed by a third party asserting an interest in any of the Subject Property must be signed by the petitioner under penalty of perjury and must set forth the nature and extent of the petitioner's alleged right, title, or interest in any identified Subject Property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in any identified Subject Property, any additional facts supporting the petitioner's claim, and the relief sought.

**THIS COURT FURTHER ORDERS** that after the disposition of any motion filed under Federal Rule of Criminal Procedure 32.2(c)(1)(A) and before a hearing on any ancillary petition, the United States may conduct discovery in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues in the ancillary proceeding.

**THIS COURT FURTHER ORDERS** that, if no third party files a timely petition before the expiration of the period provided in 21

U.S.C. § 853(n)(2), then this Stipulated Preliminary Order of Forfeiture shall become the Final Order of Forfeiture and the United States shall have clear title to the Subject Property as provided in 21 U.S.C. § 853(n)(7) and Federal Rule of Criminal Procedure 32.2(c)(2). If a third party files a petition for ancillary hearing for any of the Subject Property, the Court shall enter an Amended Order of Forfeiture that addresses the disposition of the third-party petition as provided under Federal Rule of Criminal Procedure 32.2(c)(2).

**THIS COURT FURTHER ORDERS** that, after this Stipulated Preliminary Order of Forfeiture becomes the Final Order of Forfeiture and/or after the Court enters an Amended Order of Forfeiture that addresses the disposition of any third-party petition(s), the United States shall have clear title to the Subject Property and shall be authorized to dispose of the Subject Property as prescribed by law.

**THIS COURT FURTHER ORDERS** that it retains jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Federal Rule of Criminal Procedure 32.2(e).

Agreed as to form and substance:

DAWN N. ISON
United States Attorney

| | |
|---|---|
| S/Adriana Dydell | S/ Mark M. Haidar (see attached) |
| Adriana Dydell | Mark M. Haidar |
| Assistant United States Attorney | Attorney for Defendant |
| 211 W. Fort Street, Suite 2001 | 302 W. Main Street |
| Detroit, MI 48226 | Northville, MI 48167 |
| (313) 226-9125 | (248) 347-1700 |
| adriana.dydell@usdoj.gov | markhaidar@hotmail.com |
| [CA Bar No 239516] | [P35143] |
| Dated: July 12, 2022 | Dated: July 12, 2022 |

******************************************

**IT IS SO ORDERED.**

                                   s/Robert H. Cleland

Dated: July 15, 2022          Honorable Robert H. Cleland
United States District Judge

Agreed as to form and substance:

DAWN N. ISON
United States Attorney

S/Adriana Dydell
Adriana Dydell
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226
(313) 226-9125
adriana.dydell@usdoj.gov
[CA Bar No 239516]

Dated: July 12, 2022

Mark M. Haidar
Attorney for Defendant
302 W. Main Street
Northville, MI 48167
(248) 347-1700
markhaidar@hotmail.com
[P35143]

Dated: July 12, 2022

9